# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-00005-MR

| | |
|---|---|
| DANIEL BOYD MCCRACKEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU MCFADDEN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's response to the Court's Show Cause Order. [Doc. 12].

Pro se Plaintiff Daniel Boyd McCracken ("Plaintiff") is a federal prisoner currently incarcerated at Bennettsville FCI in Bennettsville, South Carolina. Plaintiff filed this action on January 3, 2022, pursuant to 42 U.S.C. § 1983, against several Defendants. [See Doc. 1]. On February 10, 2022, Plaintiff's Complaint survived initial review as to Plaintiff's Fourteenth Amendment due process claims against Defendant FNU McFadden, identified as the Mecklenburg County Sheriff, and Defendant John Doe, identified as a Mecklenburg County Jail Chaplain. The remaining claims and Defendants were dismissed. [Doc. 10]. The Clerk mailed Plaintiff two blank summonses to fill out and identify Defendants for service of process. [Id. at 11; see

2/10/2022 Docket Entry]. The Court ordered that Plaintiff was "required to provide the necessary information for the U.S. Marshal to effectuate service" on Defendants. [Id.]. Plaintiff, however, has failed to return the completed summons as ordered and Defendants remain unserved.

On May 18, 2022, the Court notified Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendants within 14 days of the Court's Order. [Doc. 11]. Plaintiff timely responded to the Court's Show Cause Order. [Doc. 12]. Plaintiff states only that he "[has] tried to obtain information from the Mecklenburg County Jail, concerning John Doe in this case" and encloses a copy of a Freedom of Information/Privacy Act ("FOIA") Request dated February 15, 2022, in which Plaintiff requests "all of [his] kiosk records Feb 2018 until March 2020."[1] [Doc. 12-1 at 1]. Plaintiff provides no reason for his failure to return a completed summons for service on Defendant McFadden and fails to request additional time to serve Defendants. [See Doc. 12].

---

[1] Plaintiff also attaches a handwritten document titled "Freedom of Information Act," in which he stated, "I am requesting the name and address of the Chaplain who received and responded to [his] request." [Doc. 12 at 2]. There is a responsive notation in a different handwriting, dated March 3, 2022, advising Plaintiff that "[i]nmate grievances are not public information." [Id.]

2

Case 3:22-cv-00005-MR   Document 13   Filed 06/06/22   Page 2 of 4

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review of Plaintiff's Complaint in this case occurred on February 10, 2022. [Doc. 10]. Plaintiff, therefore, had until May 11, 2022 to serve Defendants. As noted, the Court notified Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendants. [Doc. 11].

Here, Plaintiff has failed to state good cause for his failure to serve Defendants. Plaintiff has made no effort to serve Defendant McFadden and, other than his ineffectual FOIA request(s), which were attempted in or around February 2022, Plaintiff has made no further effort to identify or serve Defendant John Doe. Moreover, Plaintiff has not sought an extension of time to complete service. The Court, therefore, declines to exercise its discretion

to enlarge the service period. See Robinson v. GDC, 193 F.Supp.3d at 581. The Court, therefore, will dismiss this action.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 6, 2022

Martin Reidinger
Chief United States District Judge